# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**ROY B. FLOWERS**                                          **PLAINTIFF**

**v.**                          **No. 3:20-cv-276-DPM**

**ZACHARY McQUAY, Investigator,**
**Jonesboro Police Department,**
**and MICHAEL TALLEY, Investigator,**
**Jonesboro Police Department**                         **DEFENDANTS**

## ORDER

1. Motion to proceed *in forma pauperis*, *Doc. 1*, granted. Flowers must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court won't assess an initial partial filing fee because Flowers can't afford to pay one. But his custodian must collect monthly payments from Flowers's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Flowers's behalf must be clearly identified by case name and case number.

2. The Court directs the Clerk to send a copy of this Order to the Administrator of the Craighead County Detention Center, 901 Willett Road, Jonesboro, Arkansas 72401.

**3.** The Court must screen Flowers's complaint. *Doc. 2*; 28 U.S.C. § 1915A. Flowers says he was wrongfully arrested during an unlawful traffic stop. *Doc. 2 at 4.* Public records show Flowers is awaiting trial on gun and drug charges in Craighead County, Arkansas. *State v. Flowers*, 16JCR-19-1087. And the Court can notice the proceedings in Flowers's state case because they are public records directly related to the issues here. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

The Court must abstain from proceeding with Flowers's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Flowers may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510–13 (D. Kansas 1996). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). Flowers's claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

\* \* \*

This case is stayed. Flowers can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If

Flowers doesn't file a timely motion to reopen or a status report by 24 September 2021, then the Court will reopen this case and dismiss it without prejudice.

So Ordered.

_DPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_24 September 2020_